# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RONALD YOUNG,            )
       Petitioner,        )
                           )
v.                       )            CV418-123
                           )
STATE OF GEORGIA,        )
       Respondent.        )

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 9:35 am, Jul 06, 2018*

## **REPORT AND RECOMMENDATION**

Ronald Young filed a self-styled motion to reduce his sentence. Doc. 1 (entitled "under sentence package Rule motion for application to Reduction of sentence"). Noting that some inmate-litigants bypass the Court's forms to avoid answering "questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings," doc. 5 at 2, the Court ordered Young to complete this Court's 28 U.S.C. § 2254 form petition. He declined to do so, instead filing another homebrewed "Motion for Reduction of Sentence." Doc. 6.[1]

---

[1] In its screening order, the Court observed that Young had titled his initial filing "In the Court of Notice of Appeal in State of Georgia" with a case reference "Case CR06-2540-MO." Doc. at 1. It was therefore unclear what he was attempting to do, as the corresponding Chatham County Superior Court case (*see State v. Luther Lee (Young, Ronald) Ruth*, CR06-2540 (Chatham Cty. Super. Ct.) would be the appropriate venue for seeking a reduction of his sentence. Doc. 5 at 1-2. Habeas relief, which seeks to undermine a conviction, does not offer him any recourse to

Having failed to comply, this action should be dismissed for failure to obey a Court order. *See* Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

reduce his sentence based on "societal forgiveness" or time already served. *See id.* at 1, 2, & 5.  The Court is not inclined to parse the handwritten, 33-page word salad offered in support of his second homebrewed motion, but it largely appears that Young believes he is entitled to a reduction of an unidentified sentence from an unidentified conviction because he "acknowledged guilt and [has] shown a willingness to assume his responsibility for [his] conduct, [also] showing *remorse*." Doc. 6 at 3.  Again, that is not the stuff of a § 2254 motion.

2

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this ___6th___ day of July, 2018.

*R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA